# **EXHIBIT A**

## CLASS ACTION COMPLAINT



**AlaFile E-Notice**

69-CV-2017-900044.00

To:  SYSCO CORPORATION
     C/O CORPORATION SERVICE
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

EL JALISCO MEXICAN GRILL INC. OF ALABAMA, LLC V. SYSCO CENTRAL OF ALAB
69-CV-2017-900044.00

The following complaint was FILED on 6/26/2017 3:11:43 PM

Notice Date:    6/26/2017 3:11:43 PM

DAVID NIX
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
ROOM 201
EUFAULA, AL, 36027

334-687-1500
david.nix@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>69-CV-2017-900044.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EL JALISCO MEXICAN GRILL INC. OF ALABAMA, LLC V. SYSCO CENTRAL OF ALAB**

**NOTICE TO:** SYSCO CORPORATION, C/O CORPORATION SERVICE 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Courtney Cooper Gipson

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2201 Arlington Avenue South, Birmingham, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of EL JALISCO MEXICAN GRILL INC. OF ALABAMA, LLC

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 6/26/2017 3:11:43 PM | /s/ DAVID NIX | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ Courtney Cooper Gipson

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in _____ County,

| *(Name of Person Served)* | | *(Name of County)* |
| --- | --- | --- |

Alabama on _____ .

*(Date)*

*(Address of Server)*

| *(Type of Process Server)* | *(Server's Signature)* | |
| --- | --- | --- |

| | *(Server's Printed Name)* | *(Phone Number of Server)* |

ELECTRONICALLY FILED
7/26/2017 3:11 PM
69-CV-2017-900044.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>69<br><br>Date of Filing:<br>06/26/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EL JALISCO MEXICAN GRILL INC. OF ALABAMA, LLC v. SYSCO CENTRAL OF ALABAMA, INC. ET AL

**First Plaintiff:** ☑Business  ☐Individual  ☐Government  ☐Other

**First Defendant:** ☑Business  ☐Individual  ☐Government  ☐Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
       Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
       Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**      A ☐ **APPEAL FROM DISTRICT COURT**      O ☐ **OTHER**

R ☐ **REMANDED**      T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

| **HAS JURY TRIAL BEEN DEMANDED?**  ☑YES  ☐NO | **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|

**RELIEF REQUESTED:**    ☑MONETARY AWARD REQUESTED  ☐NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| COO045 | 6/26/2017 3:11:36 PM | /s/ Courtney Cooper Gipson |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**    ☐YES ☑NO ☐UNDECIDED

ELECTRONICALLY FILED
6/26/2017 3:11 PM
69-CV-2017-900044.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA,
## EUFAULA DIVISION

| | | |
|---|---|---|
| EL JALISCO MEXICAN GRILL INC OF ALABAMA, LLC, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| SYSCO CENTRAL ALABAMA, INC., SYSCO CORPORATION and FICTITIOUS DEFENDANTS "A," "B," and "C," | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, EL Jalisco Mexican Grill Inc of Alabama, LLC, individually and on behalf of a class of all persons or entities in Alabama who are similarly situated as set out herein, and files this Class Action Complaint against the Defendants, Sysco Central Alabama, Inc. and Sysco Corporation (hereinafter collectively referred to as "Defendants") and other fictitious parties as set out herein. In support thereof, Plaintiff states the following:

### NATURE OF THE CASE

1.    Through a fraudulent and unlawful course of conduct, Defendants charged and collected improper "fuel surcharges" from Plaintiff and putative class members. Defendants have a pattern and practice of charging these fraudulent fees to many small businesses like Plaintiff throughout Alabama. The "fuel surcharge" has no relation to Defendants' fuel costs, or to any purported increase in those costs. It is neither a "surcharge" nor is it related to "fuel." Rather, it is a profit-generating device Defendants created and charge solely to increase their revenue. The only reason Defendants call this fee a "fuel surcharge" rather than an "extra profit

fee" is to deceive Plaintiff and their customers into believing that this is a legitimate, lawful surcharge rationally related to Defendants' actual or increased fuel costs, when, in fact, it is not. Defendants engaged in other improper conduct as set out herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action. Defendants do business in the State of Alabama and received and continue to receive substantial revenue and profits from the improper fees and charges in the State of Alabama. Defendants transacted business in the Eufaula Division of Barbour County, Alabama, received revenue and profits from the improper fees charged in the Eufaula Division of Barbour County, Alabama, and further made material omissions and misrepresentations, as well as engaged in other misconduct, in the Eufaula Division of Barbour County, Alabama.

3.     Venue in this case is proper in the Eufaula Division of Barbour County, Alabama, in that a substantial portion of the conduct which forms the basis of this action occurred in the Eufaula Division of Barbour County, Alabama, and the Plaintiff is located in the Eufaula Division of Barbour County, Alabama.

## PARTIES

4.     Plaintiff EL Jalisco Mexican Grill Inc of Alabama, LLC is an Alabama company with its principal place of business in Eufaula, Alabama.

5.     Defendant Sysco Central Alabama, Inc., f/k/a Sysco Food Services of Central Alabama, Inc., is a Texas corporation authorized to do business in Alabama with its principal place of business at 1390 Enclave Parkway, Houston, TX 77077. It may be served via its registered agent, Corporation Service Company Inc., at 641 South Lawrence St., Montgomery, AL 36104.

2

6.    Defendant Sysco Corporation is a Delaware corporation authorized to do business in Alabama with its principal place of business at 1390 Enclave Parkway, Houston, TX 77077. It may be served via its registered agent, Corporation Service Company Inc., at 641 South Lawrence St., Montgomery, AL 36104.

7.    Defendants fictitiously described as "A," "B," and "C," are otherwise unknown to Plaintiff at this time, or if their identities are known to Plaintiff at this time, their identity as proper party defendants is not known to Plaintiff at this time, but their true and correct names will be substituted by amendment when such information is ascertained. It is alleged that all Defendants are responsible for the actions or inactions of the other Defendants and the above fictitious parties under the doctrines of respondeat superior, joint and several liability, conspiracy, agency and/or other doctrines. It is further alleged that the fictitious parties are responsible for the actions or inactions of all Defendants and their agents and employees under the doctrines of respondeat superior, joint and several liability, conspiracy, agency and/or other doctrines.

8.    At all relevant times, Defendants were agents, representatives and/or employers of fictitious parties. In committing the acts alleged herein, Defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge and perpetrated and/or conspired with and/or aided and abetted the unlawful, improper, and fraudulent acts described herein.

9.    Plaintiff brings this action as an Alabama class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure. This class is more specifically defined as follows: "all Alabama persons and/or Alabama entities who paid 'fuel surcharges' and/or other similar charges to Defendants from June 26, 2011 through June 26, 2013." Plaintiff maintains the right

3

to create subclasses, if necessary. **Plaintiff brings no claims pursuant to any federal law and further brings no claims which would give rise to federal jurisdiction.**

10.     Plaintiff also asserts a subclass of the above class, which is specifically defined as "all Alabama persons and/or Alabama entities who entered into a written contract with Sysco Central Alabama, Inc. and/or Sysco Corporation who paid 'fuel surcharges' and/or other similar charges to Defendants from June 26, 2011 through June 26, 2013." Plaintiff maintains the right to create additional subclasses, if necessary. **Plaintiff brings no claims pursuant to any federal law and further brings no claims which would give rise to federal jurisdiction.**

11.     Excluded from the proposed class are the Defendants, any entity in which any Defendant has a controlling interest and any agents, employees, officers and/or directors of the Defendants or any other such entities and their representatives, heirs, successors and/or assigns.

12.     The exact number of class members is unknown to Plaintiff at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Defendants and their agents.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

13.     There are questions of law and fact common and of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Said common questions include, but are not limited to, the following:

a.      Whether Defendants engaged in a widespread and systematic practice of charging excessive amounts for the fees at issue in this case.

b.      Whether the fees at issue in this case are designed as profit enhancers for Defendants.

4

c.     Whether the charging of the fees at issue in this case constitute breaches of contract.

d.     Whether the charging of the fees at issue in this case is inconsistent with applicable law.

e.     Whether it would be inequitable and unjust for Defendants to retain the monies received from the wrongful and excessive fees at issue in this case.

f.     Whether Defendants conspired to commit the wrongful acts alleged herein.

g.     Whether Plaintiff and class members are entitled to class relief as requested herein.

h.     Whether the fees at issue herein are excessive under the terms of the agreement and/or applicable law.

i.     Whether Defendants assessed improper and excessive "fuel surcharges" and/or other similar fees.

j.     Whether the "fuel surcharges" are charged for the same purported costs which Defendants recover via other charges.

k.     Whether Defendants have been unjustly enriched by assessing and collecting the fees at issue in this case.

l.     Whether Defendants have ceased charging the improper and excessive fees at issue in this case.

m.     Whether the improper fees charged by Defendants are rationally related to any cost incurred by Defendants.

n.     Whether the fees at issue in this case are unconscionable.

o.      Whether Defendants' practice of charging and collecting the fees at issue in this case is consistent with the terms and language of the customer agreements.

## TYPICALITY AND NUMEROSITY

14.     The claims of the named Plaintiff are typical of the claims of the putative class and Defendants' defenses to the Plaintiff's claims are typical of their defenses to the claims of the putative class. Upon information and belief, the total number of members of the putative class exceed sixty (60) members.

## ADEQUATE REPRESENTATION

15.     The Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest antagonistic to those of other class members. Plaintiff has retained class counsel competent to prosecute class actions and such class counsel is financially able to represent the class.

## SUPERIORITY

16.     The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. The interests of judicial economy favor adjudicating the claims for the class rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

## PREDOMINANCE

17.     Questions of law and fact predominate over any questions affecting only individual members.

## FACTUAL ALLEGATIONS

18.     Plaintiff is a small, independently owned business in Eufaula, Alabama. Collectively, Sysco Central Alabama, Inc. and its parent, Sysco Corporation, comprise a large

6

business—with billions in sales[1]—and are in the business of selling food and restaurant supplies to Plaintiff and other Alabama customers.

19.    Defendants routinely and systematically charge their customers a "fuel surcharge." Plaintiff was charged and paid this fee multiple times, including from October 31, 2011 through June 17, 2013.[2]  Although the cost of fuel fluctuates and the number of items ordered by Plaintiff varied throughout this time period, Plaintiff was consistently charged $5.00 on its October 31, 2011 through June 17, 2013 invoices for a "fuel surcharge." This amount is excessive and not related to Defendants' actual or increased fuel costs.

20.    Defendants charging and collecting of the "fuel surcharge" is fraudulent, and Defendants have made multiple misrepresentations and omitted material facts regarding the fuel surcharge in furtherance of their fraudulent scheme. To make the fuel surcharge appear legitimate, Defendants misrepresent the nature, purpose and effect of the fuel surcharge to Plaintiff and their other Alabama customers. Despite Defendants' representations, the fuel surcharge bears absolutely no relationship to Defendants' actual or increased cost of fuel.

---

[1] *See, e.g.,* http://www.sysco.com/aboutus/OnlineAnnual2015/Sysco-2015-Annual-Report.html.

[2] The specific dates for which Plaintiff was charged a fuel surcharge include October 31, 2011, November 3, 2011, November 7, 2011, November 10, 2011, November 14, 2011, November 17, 2011, November 21, 2011, November 28, 2011, December 1, 2011, December 5, 2011, December 8, 2011, December 12, 2011, December 15, 2011, December 19, 2011, December 22, 2011, December 28, 2011, December 29, 2011, January 2, 2012, January 5, 2012, January 12, 2012, January 19, 2012, January 26, 2012, February 2, 2012, February 9, 2012, February 16, 2012, February 23, 2012, February 27, 2012, March 5, 2012, March 8, 2012, March 12, 2012, March 19, 2012, March 22, 2012, March 26, 2012, April 2, 2012, April 9, 2012, April 23, 2012, April 26, 2012, May 3, 2012, May 10, 2012 (2 invoices), May 14, 2012, May 21, 2012, May 28, 2012, May 31, 2012, June 4, 2012 (2 invoices), June 11, 2012 (2 invoices), June 18, 2012, June 25, 2012 (2 invoices), July 2, 2012, July 9, 2012 (2 invoices), July 12, 2012, July 16, 2012, July 23, 2012, July 30, 2012, August 6, 2012 (2 invoices), August 13, 2012, August 27, 2012 (2 invoices), September 3, 2012 (2 invoices), September 10, 2012 (2 invoices), September 17, 2012 (2 invoices), September 24, 2012 (2 invoices), October 8, 2012, October 11, 2012, October 15, 2012, October 18, 2012, October 22, 2012, October 29, 2012, November 5, 2012, November 8, 2012, November 12, 2012, November 15, 2012, November 26, 2012, November 29, 2012, December 3, 2012, December 6, 2012, December 10, 2012, December 13, 2012, December 20, 2012, December 24, 2012, December 31, 2012, January 3, 2013, January 7, 2013, January 14, 2013, January 21, 2013, January 24, 2013, January 31, 2013, February 4, 2013, February 7, 2013, February 11, 2013, February 14, 2013, February 18, 2013, February 21, 2013, February 28, 2013, March 7, 2013, March 14, 2013, March 21, 2013, March 28, 2013, April 4, 2013, April 8, 2013, April 15, 2013, April 18, 2013, May 2, 2013, May 23, 2013, May 30, 2013, June 6, 2013, and June 17, 2013.

Defendants have done no legitimate analysis to determine the proper amount of the fuel surcharge in connection to their fuel costs. Defendants named this fee a "fuel surcharge" to create the false impression that the fee is a legitimate charge, rationally and reasonably related to the actual or increased fuel costs Defendants incur in providing services. However, as alleged herein, this is untrue.

21.    The term "fuel surcharge" itself is a misrepresentation as this fee is neither a "surcharge" nor is it related to Defendants' actual or increased cost of fuel. Defendants make this misrepresentation on every invoice they send to Plaintiff which bears the falsely-labeled "fuel surcharge," including invoices sent from October 31, 2011 through June 17, 2013. The invoices provide no explanation of the fuel surcharges. Rather, the "fuel surcharge" is simply listed as a line-item directly under the various food and restaurant items ordered by Plaintiff. The "fuel surcharge" is identified as "MISC CHARGES." Plaintiff paid these invoices, including the "fuel surcharges."

22.    Defendants also suppressed material facts in their effort to have the "fuel surcharge" appear to be a legitimate fee. Among these include Defendants' suppression that the fuel surcharge is a profit device, that the fuel surcharge is not related to their actual or increased costs of fuel, and that Defendants will charge the fuel surcharge regardless of the price of fuel.

23.    Finally, by charging the fuel surcharge, Defendants engaged in a fraudulent practice known as "double-dipping." Fuel costs, like other overhead, are built into the prices Defendants charge their customers. These costs are inherent in the nature of Defendants' business, and Defendants take into account the cost of fuel when determining what prices they charge customers, just as they take into account other overhead. Thus, Defendants are double

8

dipping: charging for the cost of fuel in the rate, and then charging for the purported actual or increased cost of fuel again through the unlawful "fuel surcharge."

24.     Defendants have a pattern and practice of this conduct throughout Alabama. Many other Alabama small businesses have been forced to pay the misrepresented, excessive, and deceptive "fuel surcharges."

**FIRST CAUSE OF ACTION**
**MISREPRESENTATION**

25.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 24, as though fully set forth herein.

26.     Defendants intentionally, recklessly or negligently misrepresented the nature, purpose, and effect of the "fuel surcharges," as set out herein.  Defendants misrepresented these fees as being related to their actual or increased fuel costs, while in fact these fees are simply profit devices unrelated to any actual or increased fuel costs Defendants may incur.  The "fuel surcharges" are not surcharges at all. Defendants made these misrepresentations multiple times, including by charging Plaintiff these misnamed fees on written invoices sent during the months of October 2011 through June 2013.  Defendants are responsible for these misrepresentations.

27.     By intentionally, recklessly or negligently misrepresenting the nature of the "fuel surcharges," Defendants have taken advantage of Plaintiff and other putative class members who were misled into paying such fees.  Plaintiff and putative class members have been directly and proximately damaged by Defendants' misrepresentations.  Further, Defendants engaged in a pattern and practice of this wrongful conduct throughout Alabama.

WHEREFORE, premises considered, Plaintiff, on behalf of itself and putative class members, seeks to recover all damages stemming from such violations, including all applicable

9

compensatory damages. Plaintiff, as set out herein, does not seek punitive damages, on behalf of itself or the putative class.

**SECOND CAUSE OF ACTION**

**SUPPRESSION**

28.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 27, as though fully set forth herein.

29.     At all times material hereto, Defendants were under a duty to communicate the true nature, purpose, and effect of the "fuel surcharges." In violation of this duty, Defendants suppressed or concealed from Plaintiff and their other Alabama customers the true nature, purpose, and effect of the "fuel surcharges," including that these fees are not related to any actual or increased fuel costs Defendants might incur, that these fees are not surcharges, and that these fees operate as profit centers for Defendants. Defendants suppressed these material facts each time they sent an invoice to Plaintiff charging a "fuel surcharge" (including on invoices from October 31, 2011 through June 17, 2013). At the time Defendants suppressed this information from Plaintiff, Defendants knew or should have known that they were under a duty to communicate the true nature of the "fuel surcharge."

30.     By suppressing the true nature of the fees and charges and not disclosing material information concerning the "fuel surcharges," Defendants have taken advantage of Plaintiff and putative class members, who based upon such omissions were misled into paying such fees. Plaintiff and putative class members have been directly and proximately damaged by Defendants' suppression.

31.     Further, Defendants have engaged in a pattern and practice of this wrongful conduct throughout Alabama.

10

WHEREFORE, premises considered, Plaintiff, on behalf of itself and putative class members, seeks to recover all damages stemming from such violations, including all applicable compensatory damages. Plaintiff, as set out herein, does not seek punitive damages, on behalf of itself or the putative class.

### THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT

32.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 31, as though fully set forth herein.

33.     Defendants, by suppressing from Plaintiff and putative class members the material facts set forth herein, by misrepresenting the material facts set forth herein, and by engaging in the other unlawful and wrongful conduct set out herein:

a.     created or confirmed an impression in Plaintiff and putative class members which was false and which Defendants did not believe to be true;

b.     failed to correct a false impression, which Defendants previously created or affirmed;

c.     failed to correct a false impression, which Defendants were under a duty to correct;

d.     prevented Plaintiff and putative class members from acquiring information and/or

e.     engaged in the improper actions and/or inactions set out herein.

34.     Such excessive and wrongful "fuel surcharges" charged to Plaintiff and putative class members have resulted in Defendants obtaining money, which in equity and good conscience, belongs to Plaintiff and putative class members.

35.    As a direct result thereof, Defendants have been unjustly enriched, and Plaintiff and putative class members have been damaged and seek recovery of all monies improperly procured, plus interest.

WHEREFORE premises considered, Plaintiff, on behalf of itself and putative class members, seeks to recover all damages resulting from such violations.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

36.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 35, as though fully set forth herein.

37.    A valid, enforceable contract exists between Plaintiff EL Jalisco Mexican Grill Inc of Alabama, LLC and Defendants, and between each putative member of the sub-class set forth above and Defendants. Defendants breached this agreement by charging and collecting the "fuel surcharge" fees.

38.    Defendants' breach damaged Plaintiff and putative class members by causing them to pay excessive, unearned and unnecessary fees and charges. Plaintiff and putative class members are entitled to compensatory damages as set out herein.

WHEREFORE premises considered, Plaintiff, on behalf of itself and putative class members, seeks to recover compensatory damages as set out herein.

**PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF THE PUTATIVE CLASS, MAKES NO CLAIMS PURSUANT TO FEDERAL LAW OR WHICH WOULD GIVE RISE TO ANY FEDERAL CAUSE OF ACTION. PLAINTIFF DOES NOT SEEK PUNITIVE DAMAGES FOR ITSELF OR ON BEHALF OF THE PUTATIVE CLASS. PLAINTIFF'S CLAIMS ARE BASED SOLELY UPON STATE LAW. ADDITIONALLY, PLAINTIFF, ON BEHALF OF ITSELF AND PUTATIVE CLASS MEMBERS, DOES NOT MAKE ANY CLAIM FOR RELIEF, INCLUDING EQUITABLE RELIEF AND MONETARY DAMAGES, IN EXCESS OF $74,500 IN THE AGGREGATE FOR PLAINTIFF OR ANY CLASS MEMBER. UNDER NO CIRCUMSTANCES WOULD THE TOTAL AMOUNT OF RELIEF, INCLUDING EQUITABLE RELIEF AND**

MONETARY DAMAGES, EXCEED $74,500 IN THE AGGREGATE FOR PLAINTIFF OR EACH CLASS MEMBER. EVEN IF PLAINTIFF AND EACH CLASS MEMBER RECOVERED UNDER EACH COUNT OF THE COMPLAINT, THE TOTAL RECOVERY FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS WOULD NOT EXCEED $74,500 IN THE AGGREGATE FOR PLAINTIFF OR EACH CLASS MEMBER AND THE TOTAL DAMAGES FOR THE ENTIRE CLASS WOULD NOT EXCEED $4,995,000, IN THE AGGREGATE, EXCLUDING INTEREST AND COSTS. PLAINTIFF, ON BEHALF OF ITSELF AND THE PUTATIVE CLASS, STATES THAT THE TOTAL DAMAGES FOR THE ENTIRE CLASS, INCLUDING EQUITABLE RELIEF AND MONETARY DAMAGES, ARE $4,995,000 OR LESS, EXCLUDING INTEREST AND COSTS AND UNDER NO CIRCUMSTANCES WILL THE TOTAL DAMAGES, INCLUDING EQUITABLE RELIEF AND MONETARY DAMAGES, FOR PLAINTIFF AND THE ENTIRE CLASS, IN THE AGGREGATE, EXCEED $4,995,000, EXCLUDING INTEREST AND COSTS.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Dated:  June 26, 2017

/s/ Courtney Cooper Gipson (COO045)
Robert G. Methvin, Jr. (MET009)
Rodney E. Miller (MIL126)
Patrick C. Marshall (MAR207)
*Attorneys for Plaintiff*

OF COUNSEL:
MCCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone:    (205) 939-0199
Facsimile:    (205) 939-0399
cgipson@mmlaw.net
rgm@mmlaw.net
rem@mmlaw.net
pmarshall@mmlaw.net

Richard A. Harrison (HAR 176)
LAW OFFICES OF RICHARD A. HARRISON
104 East Broad Street
Eufaula, Alabama  36027
Tel:  (334) 687-4824
Fax: (334) 687-4826
*Attorneys for Plaintiff*

13

## **DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**

**Sysco Central of Alabama, Inc.**
c/o Corporation Service Company Inc.
641 South Lawrence St.
Montgomery, AL 36104

**Sysco Corporation**
c/o Corporation Service Company Inc.
641 South Lawrence St.
Montgomery, AL 36104

14

**CERTIFIED MAIL**®



**DAVID S. NIX**
STATE of ALABAMA
UNIFIED JUDICIAL SYSTEM
BARBOUR COUNTY COURTH(
ROOM 201
303 E. BROAD STREET
EUFAULA, ALABAMA 36027



7017 1000 0001 1339 3644

NEOPOST
06/26/2017
US POSTAGE $007.71⁰



ZIP 36027
041M11274193